UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA
Western Division

**U.S.A. vs. Edward Anthony Negron**　　　　　　　　　　　　　　　　**Docket No. 7:11-CR-73-1H**

**Petition for Action on Supervised Release**

COMES NOW Kristyn Super, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of, Edward Anthony Negron, who, upon an earlier plea of guilty to Sexual Abuse Of Minor, was sentenced by the Honorable Malcolm J. Howard, Senior U.S. District Judge on April 11, 2012, to the custody of the Bureau of Prisons for a term of 40 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 36 months.

Edward Anthony Negron was released from custody on November 26, 2014, at which time the term of supervised release commenced.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

The probation officer recommends the court strike the condition that the defendant shall further abide by the rules and regulations of the Eastern District of North Carolina Sex Offender Program and in lieu thereof, impose the below specified conditions, which have been individualized to meet the specific needs of the defendant based on recommendations from the defendant's treatment specialist at Clinical and Forensic Associates, PLLC.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

2. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which, in the discretion of the U.S. Probation Officer, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

3. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

4. The defendant shall not enter adult bookstores, sex shops, clubs or bars with exotic or topless dancers, or massage parlors.

Edward Anthony Negron
Docket No. 7:11-CR-73-1H
Petition For Action
Page 2

5. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

6. The defendant shall have no direct or indirect contact, at any time and for any reason, with the victim(s), the victim's family, or affected parties in this matter unless provided with specific, written authorization in advance by the U.S. Probation Officer.

7. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

8. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

9. The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

10. The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.
/s/ Kristyn Super
Kristyn Super
U.S. Probation Officer
200 Williamsburg Pkwy Unit 2
Jacksonville, NC 28546-6762
Phone: 910-346-5104
Executed On: April 23, 2015

Edward Anthony Negron
Docket No. 7:11-CR-73-1H
Petition For Action
Page 3

## ORDER OF THE COURT

Considered and ordered this 23rd day of April, 2015 and ordered filed and made a part of the records in the above case.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior U.S. District Judge